## LUTHER W. SHELTON ET AL V. STATE

No. 34,062.   April 4, 1962
Motion for Rehearing Overruled May 23, 1962

*George Washington, Jr.,* and *Hamah R. King,* Houston, for appellants.

*Frank Briscoe,* District Attorney, *Walter A. Carr, Edward D. Michalek, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The convictions are for the misdemeanor offense of unlawful assembly under Arts. 439 and 449, V.A.P.C.; the punishment, a fine of $500 against each appellant.

The four appellants are Negroes who were jointly charged with two members of the white race with intentionally aiding each other by purposely grouping at the entrance of the restaurant to illegally prevent the restaurateur from rightfully pursuing his occupation.

The evidence shows that J. D. Burleson, who had been the lessee from the railroad since 1954, was the owner and operator of a restaurant located in the Union Terminal Building in the City of Houston. The restaurant contains 6,000 square feet, with double doors opening into a passageway which leads to the lobby of the Union Station and another door facing on the railroad tracks, and food is served from 6 A.M. to 10 P.M. daily.

Burleson testified that about 3 P.M. on February 27, 1961, when the appellants attempted to enter the door between the restaurant and the terminal lobby, he prevented them from entering by securely closing its doors.

The evidence further shows that the appellants at times were assembled together and also among other persons at the lobby entrance door of Burleson's restaurant; that they were in such proximity to one another that the customers were unable to enter the restaurant, and that some were pushing and shoving while standing in the group; and that Burleson did not want the appellants inside of his restaurant. Burleson was unable to serve the numerous customers who tried to enter the restaurant from the time the appellants arrived until they were removed by the officers because of their concerted acts and conduct at the entrance of the restaurant.

The arresting officer, while testifying, identified each of the appellants and said that they were just outside the double doors between the restaurant and the terminal lobby when he arrived about 7:30 P.M.; and also that there were 30 to 40 other persons at and near the door of the restaurant.

Appellant Graves was the only appellant to testify and no other evidence was offered in their behalf.

The Appellant Graves testified that he and Appellant Jones, accompanied by two girls, went to the restaurant about 6 P.M.; that he had no intent and purpose of preventing Burleson from operating the restaurant, and that they were arrested about 8:30 P.M.

The jury resolved the issues of fact against the appellants, and the evidence being sufficient to support the convictions, the judgment is affirmed.

Opinion approved by the Court.